**IT IS ORDERED as set forth below:**



Date: September 25, 2019

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| THOMAS RICHARD PIERCE, | : | BANKRUPTCY CASE |
| | : | 19-59380-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| THOMAS RICHARD PIERCE DBA | : | |
| COLLEGE PARK LAND | : | |
| DEVELOPMENT LTD, | : | ADVERSARY PROCEEDING |
| | : | NO. 19-05271-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL | : | |
| TRUST ET AL., | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is a *Motion to Dismiss Plaintiff's Adversary Complaint* (Doc. 8)

(the "Motion"), filed by Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust (the "Defendant"). This motion arises in connection with a complaint (hereinafter the "Complaint") filed by Thomas Richard Pierce ("Pierce"), a Chapter 13 debtor, seeking to set aside and invalidate various deeds recorded against the real property located at 3418 Washington Road, Atlanta, Georgia 30344 (the "Property") and to "re-vest" the Property into College Park Land Development LTD ("College Park").

## PROCEDURAL AND FACTUAL HISTORY

Pierce filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 17, 2019 (the "Petition Date").[1] *See* Case No. 19-59380-LRC (Bankr. N.D. Ga.), Doc. 1 (the "Bankruptcy Case"). Prior to the Petition Date, the Defendant had obtained the Property after being the highest bidder at a foreclosure sale it conducted pursuant to a Security Deed executed by Jacquelin Towne ("Towne"). *See* Security Deed, attached to the Motion as Ex. A (the "Security Deed"); Foreclosure Deed, attached to the Motion as Ex. C (the "Foreclosure Deed"). After the foreclosure sale, the Defendant filed a dispossessory action in the Fulton County Magistrate Court and obtained a writ of possession against

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13-20039-TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed.R.Evid. 201, the Court takes judicial notice of its own dockets");*Thomas v. Alcon Labs*., 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

2

Pierce. *See* Order and Judgment, attached to the Motion as Ex. F (the "Writ of Possession"). Pierce then appealed the award of the Writ of Possession to the State Court of Fulton County. *See* Motion, p. 5. The Defendant responded to the appeal by filing a motion for summary judgment, which was set to be heard on June 18, 2019. *Id.* at p. 8. However, due to Pierce filing his voluntary petition in this Court on June 17, 2019, the State Court of Fulton County issued a stay of the proceedings. *See* Order, attached to the Complaint as Ex. H (the "Stay Order").

Then, May 6, 2019, Pierce filed the Complaint, which, liberally construed, asserts that: (1) Pierce owns an interest in the Property through his ownership of College Park, which Pierce contends is a DBA for himself as a sole proprietor; (2) a 2005 Warranty Deed transferring the Property from College Park to Towne is invalid because (A) it lacked a witness' signature and (B) because Pierce did not execute the deed; (3) the Security Deed executed by Towne in favor of Mortgage Electronic Registration Systems, Inc. ("MERS")—which was later assigned to the Defendant—is invalid because Towne never obtained an ownership interest in the Property; and (4) the Foreclosure Deed granting the property to the Defendant is invalid because the Security Deed giving rise to the foreclosure sale was invalid.

On August 28, 2019, the Defendant filed the Motion seeking dismissal of the Complaint under Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rules

3

12(b)(1) and (6) of the Federal Rules of Civil Procedure. Alternatively, the Defendant contends in the Motion that the Bankruptcy Court is required to abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(2).

On September 18, 2019, Pierce filed a Motion to Dismiss Movant's Motion to Dismiss (Doc. 10) (the "Response") wherein he opposes dismissal of his Complaint. Additionally, on September 18, 2019, Pierce's Bankruptcy Case was dismissed after his Chapter 13 Plan was denied confirmation. *See* Doc. 42, Case No. 19-59380-LRC.

### CONCLUSIONS OF LAW

A. *Whether the Court Should Abstain from Hearing this Adversary Proceeding*

The Defendant contends that the Court must abstain from hearing this adversary proceeding under 28 U.S.C. § 1334(c)(2) because: (1) the claims asserted in the Complaint are based on state law and do not arise under title 11 and do not arise in a case under title 11; (2) the case could not have been commenced in a federal court absent Pierce's bankruptcy petition; and (3) the claims could have been adjudicated in state court. However, rather than determining whether the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) apply to this case, the Court finds that, because Pierce's Bankruptcy Case has been dismissed, it should exercise its discretion to abstain from hearing this adversary proceeding under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1).

Because "jurisdiction over an adversary proceeding is determined at the time the

4

[c]omplaint is filed" a bankruptcy court does not necessarily lose subject matter jurisdiction over the adversary proceeding when the underlying bankruptcy case is dismissed. *In re Oxley Dev. Co., LLC*, 493 B.R. 275, 287 (Bankr. N.D. Ga. 2013) (Sacca, J.); *see also Fidelity & Deposit Co. of Md. V. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992) ("[T]he dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement."). However, even if subject matter jurisdiction remains following the dismissal of the bankruptcy case, bankruptcy courts have the discretion to determine "whether to retain jurisdiction over the adversary proceeding." *Morris,* 950 F.2d at 1534. In exercising this discretion, bankruptcy courts generally choose to dismiss the adversary proceeding, as "retaining jurisdiction over an adversary complaint when the underlying bankruptcy case has been dismissed is the exception not the rule." *In re Gustafson*, 316 B.R. 753, 758 (Bankr. S.D. Ga. 2004); *see also In re Ocon*, 2007 WL 1087223, at *3 (Bankr. S.D. Fla. Mar. 29, 2007).

When deciding whether to retain jurisdiction over an adversary proceeding following the dismissal of the underlying bankruptcy case, bankruptcy courts consider the following factors: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Morris*, 950 F.2d at 1535 (citing *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)); *see also In re Cottonwood Corners*

5

*Phase V, LLC*, 2012 WL 5906883, at *3 (Bankr. D.N.M. Nov. 26, 2012) (stating that, "when the Court considers permissive abstention after dismissal of the related bankruptcy case, the permissive abstention analysis shifts" and the "factors governing abstention are (1) enforcement of bankruptcy policies, (2) judicial economy, (3) convenience to the parties, (4) fairness, and (5) comity").

In this case, the *Morris* factors weigh in favor of abstention. The claims asserted in the Complaint seeking to set aside and invalided various deeds are state law claims that do not arise under title 11 and could more appropriately be litigated in another forum. Further, there is pending litigation in state court which involves the same issues raised by Pierce in his Complaint—that is whether Pierce has a valid ownership interest in the Property and whether the Defendant is entitled possession of the Property. Therefore, requiring the parties to litigate these issues in another forum would not result in wasted judicial resources and would not require the parties to start over or incur unnecessary or duplicative expenses. *See Oxley Dev. Co., LLC*, 493 B.R. at 287 (choosing to retain jurisdiction over an adversary proceeding because abstention would require the parties to "start from scratch" and would result in "wasted" effort and expense.) Finally, as the underlying Bankruptcy Case has been dismissed, the outcome of the issues raised in the Complaint would not impact any bankruptcy estate property. Accordingly, the Court concludes that it should exercise its discretion under 28 U.S.C. § 1334(c)(1) and abstain from hearing the claims asserted in the

Complaint.

B. *Whether the Court Should Dismiss the Complaint for Failure to State a Claim or Lack of Subject Matter Jurisdiction*

Through the Motion, the Defendant requests that the Complaint be dismissed pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. However, given the Court's decision to abstain, it is not necessary to determine whether the Complaint should be dismissed for failure to state a claim or for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Defendant's request for abstention is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court exercises its discretion to abstain, pursuant to 28 U.S.C. § 1334(c)(1), from hearing all claims asserted in the Complaint, and, therefore, all claims brought in the Complaint are hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that any other relief requested in the Motion that is not expressly granted herein is hereby **DENIED**.

**END OF DOCUMENT**